IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

**Justin M. Cook**

On Behalf of Himself and All Others Similarly Situated,

          **Plaintiffs,**

  v.

**Bank of America, N.A.,**

Serve:
Authorized Agent/Corp. Representative
Bank of America, N.A. branch office
One Kansas City Place
Kansas City, MO 64106

          **Defendants.**

Case No. _____

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Justin M. Cook ("Plaintiff"), through his attorneys, allege, upon personal knowledge as to his own acts and as to all other matters, upon information and belief based upon, *inter alia*, the investigation made by and through his attorneys, and against Defendant Bank of America, N.A. ("Defendant"), as follows:

### NATURE OF ACTION

1.      Garnishment is a legal means by which a judgment-creditor ("Garnishor"), may seize assets of a judgment-debtor in the possession or control of a third party ("Garnishee"), in order to satisfy an outstanding judgment. After receiving a judgment from the Court, the Garnishor may proceed to issue a garnishment on the judgment-debtors'

1

accounts with Garnishee. Plaintiff and Class members have served writs of garnishment on Defendant, as Garnishee of judgment-debtors' accounts.

2. The Garnishee is required to hold any assets belonging to the judgment-debtor from the time of service of the writ of garnishment until a designated return date on the writ. Within ten (10) days after the expiration of the garnishment order, the Garnishee must file with the Court interrogatory answers, pursuant to Missouri Rules of Civil Procedure 90.07(b). If the Garnishee admits in its answers that it is in possession or control of assets that belong to the judgment-debtor, the Garnishee must turn the assets over to the Court. Rule 90.07(c) allows the Garnishor, if the Garnishor has reason to be believe the interrogatory answers to be insufficient, to file exceptions to these answers.

3. Missouri codifies their own rules regarding garnishment proceedings. Missouri Rules of Civil Procedure 90.12(a), before its amendment on July 1, 2016[1], detailed the process in which Garnishees could collect fees in garnishment proceedings. Rule 90.12(a) states as follows: "if by interrogatory answers, ***not excepted to or denied***, it appears that the garnishee has property subject to garnishment, the court, ***upon motion by the garnishee***, shall allow the garnishee a reasonable amount for the trouble and expense of answers,

---

[1] Plaintiff's statements and claims regarding Rule 90.12(a) are in reference to the rule as it was prior to July 1, 2016. Rule 90.12(a), as amended, now reads as follows: "If by interrogatory answers not excepted to or denied it appears that the garnishee has property subject to garnishment, the garnishee may deduct a one-time sum not to exceed $20, or the fee previously agreed upon between the garnishee and the judgment debtor if the garnishee is a financial institution, for the trouble and expense of answering and withholding the funds to be paid out of the property subject to garnishment. The fee shall not be a credit against the court-ordered judgment and shall be collected first. The garnishee may file a motion for additional cost, including attorney fees reasonably incurred in answering the interrogatories, in which case the court may make such award as it deems reasonable. The motion shall be

2

including attorney's fees, to be paid out of the property subject to garnishment." (Emphasis added.)

4.  Defendant, as Garnishee of judgment-debtors' accounts, collects a "Legal Process Fee" from judgment-debtors' accounts when served with writs of garnishment to alleviate costs for collecting funds for Garnishors. This "Legal Process Fee" is listed on Page 10 of Defendant's "Personal Schedule of Fees".

5.  Defendant does not disclose the collection of this "Legal Process Fee" on its interrogatory answers. Instead, Defendant collects this "Legal Process Fee" on the date of service, thus reducing the amount of available garnishment funds in judgment-debtors' account from the onset.

6.  Plaintiff and Class members did not have actual knowledge, nor did they have reason to know about the collection of this fee at the time Defendant filed its interrogatory answers. As a result, Plaintiff and Class members believed Defendant's interrogatory answers to be a true and accurate representation of the monies entitled to them, and subsequently, did not file exceptions.

7.  Plaintiff and Class members do not contest that Defendant has the right to collect a garnishment fee (provided Defendant has filed the proper motion and received a court order to do so), nor do Plaintiff and Class members contest the garnishment fee amount listed on Defendant's Personal Schedule of Fees. However, Defendant failed to file a motion requesting such a fee required by Rule 90.12(a), thus collecting the garnishment fee without a valid court order. Further, Defendant failed to deduct the garnishment fee after

---

filed on or before the date the garnishee makes payment or delivers the property subject to

3

expiration of the period in which Plaintiff and Class members had to except or deny Defendant's interrogatory answers, as required by Rule 90.12(a), thereby depriving Plaintiff and Class members the ability to object to garnishment fees prior to Defendant collecting the fees. Indeed, Defendant collected the garnishment fee without Plaintiff and Class members' knowledge, which Defendant was not legally entitled to collect, thereby depriving Plaintiff and Class members the monies legally entitled to them.

8. Missouri Rules of Civil Procedure 90.04 states as follows: "The service of the writ of garnishment and summons ***attaches the property subject to garnishment*** in the garnishee's possession or charge or under the garnishee's control ***at the time the writ of garnishment and summons is served and continuing through the return date of the writ***." (Emphasis added.)

9. Because Defendant failed to obtain a valid court order to deduct this fee lawfully, Defendant subsequently violated Rule 90.04 by failing to attach the $125.00 fee amount to the garnishment order, as it was under Defendant's possession and/or control from the service of the writ through the return date.

10. By ignoring Missouri garnishment rules, Defendant engaged in unlawful conduct through the unlawful collection of garnishment fees, which ultimately deprived Plaintiff and Class members of garnishment funds to which they were legally entitled.

11. Plaintiff and the Class suffered damages as a direct and proximate result of the Defendant's conduct. Plaintiff and the Class seeking an appropriate award of damages, and other appropriate relief, as a result of Defendant's unlawful actions described herein.

---

garnishment into court."

## PARTIES

12.     Plaintiff Justin M. Cook is, and at all times relevant to this action was, a resident of the State of Missouri.

13.     Defendant, Bank of America N.A., is a federally chartered national banking association with its headquarters and principal place of business located in Charlotte, North Carolina.  Bank of America, N.A. is a citizen of North Carolina for purposes of diversity jurisdiction.  At all relevant times, Defendant, through its agents, employees, and subsidiaries, has done business throughout the State of Missouri.

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2).

    a.  Damages in this case, upon information and belief, exceed $5,000,000, exclusive of interest and costs.

    b.  Minimal diversity exists in that Plaintiff is a Missouri resident, and Defendant is a federally chartered bank with its headquarters and principle place of business in North Carolina.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant does business throughout this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this class action on behalf of himself and all other similarly situated members of the following class:

5

a. **Class**: All persons and/or entities who have served writs of garnishment on Defendant garnishee from July 1, 2011 through July 1, 2016.

Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, and any of Defendant's subsidiaries, affiliates, officers, directors, employees, authorized dealers, legal representatives, heirs, successors, or assignees. Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveals that the Class should be expanded or otherwise modified.

17. This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(3).

18. **Numerosity/Impracticability of Joinder**: The members of this Class are so numerous that joinder of all members would be impracticable. Plaintiff reasonably estimate that there are thousands of class members. The precise number of Class members can be readily ascertained and identifying information for Class members is, upon information and belief, within Defendant's possession or control.

19. **Commonality and Predominance**: There are questions of law and fact that are common to the members of the Class that predominate over any questions affecting only individual members, including but not limited to the following:

a. Whether Defendant's conduct violated Missouri garnishment rules;

b. Whether Defendant was unjustly enriched by unlawfully collecting garnishment fees;

6

  c. Whether Defendant converted funds of Plaintiff and Class members by unlawfully collecting garnishment fees;

  d. Whether Defendant was negligent in unlawfully collecting garnishment fees; and

  e. Whether Plaintiff and the Class are entitled to damages.

20. **Typicality**: The representative Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and Class members have suffered the same injuries as a result of Defendant's wrongful conduct. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

21. **Adequacy**: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

**22.** **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. Furthermore, as the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and

7

Case 4:17-cv-00100-FJG Document 1 Filed 02/10/17 Page 7 of 14

individualized litigation presents the potential for inconsistent or contradictory judgments. There will be no difficulty in the management of this class action. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FACTS COMMON TO ALL COUNTS

23.     On February 12, 2016, Plaintiff served upon Defendant a Garnishment Application and Order, as Garnishee of judgment-debtor Toscany & Associates, LLC ("Debtor"), with an amount remaining unpaid of $116,125.06. Plaintiff requested a thirty (30) day return for the garnishment.

24.     Defendant filed its interrogatory answers on March 31, 2016. At this time, Defendant stated that it was in possession and/or control of $389.37, the total amount of Debtor's funds Defendant claims to have possessed and/or controlled from the date of service through the return date. Plaintiff did not file exceptions to Defendant's interrogatory answers.

25.     On the date of service, February 12, 2016, Defendant deducted a $125.00 "Legal Order Fee" from Debtor's account. Defendant's "Personal Schedule of Fees" defines this fee as follows: "fee applies to each legal order or process that directs us to freeze, attach or withhold funds or other property, such as an attachment, levy or **garnishment**." (Emphasis added.). Plaintiff was not aware of and Defendant did not disclose this $125.00 fee as funds possessed and/or controlled during the garnishment period on its interrogatory answers.

8

26. Missouri Rules of Civil Procedure 90.12(a), at the time Defendant engaged in this conduct, stated as follows: "if by interrogatory answers, *not excepted to or denied*, it appears that the garnishee has property subject to garnishment, the court, *upon motion by the garnishee*, shall allow the garnishee a reasonable amount for the trouble and expense of answers, including attorney's fees, to be paid out of the property subject to garnishment." (Emphasis added.)

27. Defendant did not file such motion with the Court. Instead, Defendant improperly deducted the garnishment fee on the date of service without a court order, as required by the Rule.

28. Furthermore, Defendant deducted the garnishment fee prior to expiration of the period in which Plaintiff had to except or deny Defendant's interrogatory answers, as required by the Rule. As a result, Plaintiff lost the ability to object to the garnishment fee, and to obtain a court ruling on the issue, prior to Defendant deducting the fee.

29. Missouri Rules of Civil Procedure 90.04 states as follows: "The service of the writ of garnishment and summons *attaches the property subject to garnishment* in the garnishee's possession or charge or under the garnishee's control *at the time the writ of garnishment and summons is served and continuing through the return date of the writ*." (Emphasis added.)

30. Interrogatory #1 of the Garnishment Order and Application served on Defendant echoes this language: "*At the time of service of garnishment or at any time thereafter until the return date* stated in the summons of garnishment, have you had in your

9

possession or under your control any property, money (excluding wages, salary, and commissions), or other effects of the judgment debtor." (Emphasis added.)

31. As mentioned *supra*, Defendant deducted the $125.00 "Legal Order Fee" from Debtor's account on the date of service. Defendant unlawfully collected this fee by its failure to obtain a valid court order required by Rule 90.12(a), and therefore violated Rule 90.04 by failing to attach the $125.00 in Debtor's account, legally entitled to Plaintiff, to the garnishment order.

32. On information and belief, Defendant unlawfully collects the fee in question with respect to all Missouri garnishments and without valid court orders required by Rule 90.12(a).

## COUNT I

## UNJUST ENRICHMENT

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Plaintiff and Class members have served Defendant, as Garnishee for judgment-debtors, with writs of garnishment to collect outstanding judgments from judgment-debtors' accounts held with Defendant. Plaintiff and Class members therefore are legally entitled to funds from judgment-debtors' accounts that Defendant possessed and/or controlled under the writs of garnishment.

35. Plaintiff and Class members have unknowingly conferred a substantial benefit upon Defendant in the form of a garnishment fee deducted from judgment-debtors' accounts, to which Plaintiff and Class members had an ownership interest.

36. Defendant appreciated or had knowledge of the benefit. Defendant specifically lists this fee in its "Personal Fee Schedule".

37. Defendant accepted and has retained the benefit under circumstances as to make it inequitable and unfair for Defendant to retain the benefit without payment of its value to Plaintiff and the Class. Indeed, Defendant collected the fee in question without valid court orders pursuant to Rule 90.12(a).

38. As a direct and proximate result of the misconduct alleged herein, Defendant has been unjustly enriched and has obtained a substantial monetary benefit in connection with their unlawful deduction of garnishment fees.

## COUNT II

### CONVERSION

39. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Plaintiff and Class members have served Defendant, as Garnishee for judgment-debtors, with writs of garnishment to collect outstanding judgments from judgment-debtors' accounts held with Defendant. Plaintiff and Class members therefore are legally entitled to funds from judgment-debtors' accounts that Defendant possessed and/or controlled under the writs of garnishment.

41. Through its actions, Defendant has, without authority and/or legal justification, assumed and exercised a right of ownership and control over such funds belonging to Plaintiff and Class members to the exclusion of Plaintiff and Class members.

11

Indeed, Defendant collected the fee in question without valid court orders pursuant to Rule 90.12(a).

42. Defendant's actions were in direct contravention of Plaintiff and Class members' rights. With regard to the funds in judgment-debtors' accounts, Plaintiff and Class members had the legal right to funds in the possession and/or control of Defendant, and Defendant, through its unlawful actions, deprived Plaintiff and Class of their ownership rights and their right to possess monies by unlawfully deducting a garnishment fee.

43. Given that this fee is specifically enumerated in its contract with customers, Defendant has likely wrongfully converted the funds of its customers across North America and Missouri. These transactions are specifically identifiable and involve a quantifiable amount.

44. Defendant's conduct and/or omissions were intentional, willful, and in reckless disregard for Plaintiff's and Class members' rights.

45. As a direct and proximate result of Defendant's unlawful actions, Plaintiff and Class members have damages in an amount to be determined at trial.

## COUNT III

## NEGLIGENCE

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Defendant, as one of the largest banking institutions in North America, enjoys substantially greater knowledge of banking matters than Plaintiff and Class members. Defendant owed Plaintiff and the Class members a duty to exercise reasonable care in

following and carrying out the garnishment orders and the handling of Plaintiff and Class members' monies legally entitled to them.

48. Defendant failed to use reasonable care and breached their duties to Plaintiff in numerous ways, including:

    a. Following state garnishment rules; and

    b. The unlawful collection of garnishment fees.

49. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR DAMAGES

Plaintiff, on behalf of himself and all members of the Class, respectfully prays for judgment against Defendant as follows:

A. an order certifying this matter as a class action, appointing Plaintiff and his counsel to represent the class, and directing that reasonable notice of this action be given to all other members of the Class as necessary and appropriate;

B. restitution and disgorgement to the extent permitted by applicable law, together with interest thereon, to victims of such violations;

C. actual damages for injuries suffered by Plaintiff and the Class;

D. an appropriate award of punitive damages;

E. pre-judgment interest as provided by law;

F. post-judgment interest as provided by law;

G. reasonable attorney's fees and costs of prosecuting this action; and

H. such other and further relief as the Court may deem necessary and proper.

>Respectfully submitted,
>
>EDGAR LAW FIRM LLC
>
>*/s/ John F. Edgar*
>John F. Edgar       Bar No. 47128
>1032 Pennsylvania Ave.
>Kansas City, MO 64105
>Telephone: (816) 531-0033
>Facsimile: (816) 531-3322
>Email: jfe@edgarlawfirm.com
>ATTORNEY FOR PLAINTIFF AND
>PROPOSED CLASS